IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AVA SOLOMON,<br><br>               Plaintiff,<br><br>   vs.<br><br>ALLSTATE INSURANCE IDEMNITY<br>POLICY 000000886169059,<br><br>          Defendant. | **8:23CV207**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Ava Solomon filed a Complaint on May 22, 2023, Filing No. 1, as well as a motion to "Serve Notice of Mediation Prior to Preliminary Trial" (the "Motion for Mediation"), Filing No. 8, and two motions for hearing, Filing No. 13, Filing No. 14. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiffs' pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e), and considers the motions currently before this Court.

For the reasons set forth below all motions shall be denied as premature. Further, the Court finds that summary dismissal under 28 U.S.C. § 1915(e) is appropriate, but in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

## I. MOTIONS FOR MEDIATION AND HEARINGS

Plaintiff filed a Motion for Mediation on June 19, 2023, seeking to enter mediation in the current matter prior to trial, Filing No. 8, and two motions for hearing filed on July 2, 2023, Filing No. 13, and July 30, 2023, Filing No. 14, which this Court construes as seeking a preliminary hearing in the above referenced matter.

At this time all motions are premature. As further discussed *infra*, the Court finds on initial review that in its current state Plaintiff's Complaint is subject to dismissal for failure to state a claim on which relief can be granted, and that to proceed Plaintiff must file an amended complaint which adequately states a claim. As such, until an amended complaint is filed and this Court has determined Plaintiff's Complaint may proceed, any motions for mediation or hearings are premature and shall be denied.

## II. INITIAL REVIEW

### A. Summary of the Complaint

Plaintiff describes the nature of the suit as arising from "insurance," a "car accident," and "other civil rights," naming "ALLSATE INSURANCE IDEMNITY POLICY 000000886169059" (the "Allstate Policy"),[1] Allstate Insurance Company ("Allstate Insurance"), and Ethan Chavez ("Chavez") as defendants. Filing No. 1–2.

The totality of the allegations set forth in the Complaint are as follows:

INTENTIONAL INSURANCE TORT VIOLATIONS, DISCRIMINATORY POLICE THAT ABRIDGED THE CIVIL LIBERTIES OF ALLA AMERICANS, THE DEATH THREATS AND MISUSE OF POLICTICAL OFFICE, RECORDS, AND SETTLEMENT POLICY, BLACK MAIL, WHITE COLLARD PRINCIPLE BEHAVED INCONVENIENCE, THAT DISRIMINATORY PRACTICES, AND THE MISUSE OF INSURANCE IS

---

[1] It is unclear if Plaintiff intended to name both the Allstate Policy and Allstate Insurance as defendants as the Allstate Policy defendant is listed as the only defendant in the Complaint's caption, but Allstate Insurance is named as a defendant in the body of the Complaint. Filing No. 1–2, 4. As such, the Court shall treat both the Allstate Policy and Allstate Insurance as defendants for the purposes of this initial review.

NOT AN ACT OF GOD BUT GREED AND THE FINEST DISINFRINGEMENT TO ANY RESPECTABLE COMPANY AND OR COMPANY THE MISUSE OF THE UNITED STATES VIA ALLSTATE VIOLATES THE UNITED PRINICIPLES THAT ARE FOREFATHERS TRIED TO PROTECT CIVIL RIGHT, EQUAL RIGHT AND [illegible as cut off][2]

*Id.* at 4 (spelling as in original).

Plaintiff alleges the suit is properly before this Court based on federal question and diversity jurisdiction.  *Id.* at 3.  As relief, Plaintiffs seeks $200,000 for "ALL LOST WAGES AND EXPENSES PUNITIVE DAMAGES AND PAIN AND SUFFERING AND SECURITY FOR FUTURE YEARS."  *Id.* at 4.

### B.  Applicable Standards on Initial Review

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)).  Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the ...

---

[2] The Court notes it appears the cut off potion of the allegation may read "AMERICAN LIBERTIES."

claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

## C. Jurisdiction

Plaintiff alleges her Complaint may proceed before this Court under both federal question and diversity jurisdiction.  Filing No. 1 at 3.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly.  *Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir. 1990).  Where a complaint "totally avoids any allegation of fact tending to show the existence of a federal question . . . [b]ut the complaint is so unintelligible to allow even this conclusion", federal question jurisdiction is not adequately plead.  *Koll v. Wayzata State Bank,* 397 F.2d 124, 127 (8th Cir. 1968) (internal citations omitted).

Here, Plaintiff alleges that her claims arise under the "civil rights, fair housing, and equal opportunity acts,"  Filing No. 1 at 3 (which for the purposes of review the Court presumes to reference federal acts) but provides no factual allegations in support.  As such, as currently pleaded, Plaintiff fails to adequately establish federal question jurisdiction.

Federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan*

*v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Some factors considered when determining citizenship of individuals for the purpose of diversity are "where the person resides; where the person works; where the person votes; the [location of the] States that issues [sic] the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents." *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (citing *Altimore v. Mount Mercy College,* 420 F.3d 763, 769 (8th Cir. 2005)). "Residence, however, does not equate with citizenship." *Id.* (citing *Janzen v. Goos,* 302 F.2d 421, 426 (8th Cir. 1962)).

Here, while Plaintiff alleges she is a citizen of Nebraska, and while she may plausibly allege that her citizenship is different from the citizenship of each defendant, her Complaint as plead is deficient. Plaintiff only lists the citizenship of a single defendant, Allstate Insurance, as being incorporated in Ohio, but omits its principal place of business, and does not allege any citizenship for defendants Chavez[3] or the Allstate Policy. Filing No. 1 at 2, 4.

Therefore, the Court finds subject-matter jurisdiction is not proper in this action pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. As such, Plaintiff must amend her complaint setting forth adequate jurisdictional allegations in order to proceed before this Court.

---

[3] Plaintiff lists Chavez' current address is in Nevada, Filing No. 1 at 2, however, for jurisdictional purposes listing an address where a Plaintiff may be located does not necessarily equate to citizenship. *Janzen,* 302 F.2d at 426.

5

### D.  Discussion of Claims

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  A claim is plausible only if it allows a reviewing court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 668.

Upon review, Plaintiff's Complaint fails to meet this minimal pleading standard. Specifically, Plaintiff's Complaint contains no allegations of who did what to whom or when any of the alleged violations occurred, instead making only vague and factually unsupported references to various torts, federal and Nevada state statutes, and "judicial ethical violations." *See* Filing No. 1 at 3–4.  In fact, aside from selecting the check boxes for "insurance" and "car accident" on the civil cover sheet form, there is little indication in the Complaint of what events occurred giving rise to the Complaint.  Simply put, Plaintiff's Complaint is woefully deficient as it contains no allegations of who did what to whom, nevertheless when the alleged wrongful conduct took place.

Plaintiff has, however, filed multiple documents, *see* Filing No. 9 (docketed as "PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW"), Filing No. 10 (docketed as "DISCLAIMER regarding SUPPLEMENTAL MOTION to Intervene"), and

6

Filing No. 11 (docked as "Certificate regarding SUPPLEMENTAL MOTION to Intervene"), with various attachments containing recitations of legal principles, and what appear to be letters to Allstate Insurance referencing an insurance policy denial, which may have been intended to supplement the Complaint. Review of these documents provides little support.

While one of the attachments references "VEHICULAR MURDER IN THE 1ST DEGREED [sic]," and states that "ETHAN CHAVEZ HAS AN INSURANCE POLICY THAT WAS VALID AT TIME HE KILLED MY SON ALLSTATE 000000886169059," *see* Filing No. 9-2 at 1, this is not enough for Plaintiff's Complaint to proceed.

While "[t]he filings of pro se litigants shall be read with a generous eye . . . they must still comply with the basic pleading essentials and allege sufficient facts on which a recognized legal claim could be based." *Mulholland in interest of M.M. v. Aurora R-VIII Sch. Dist.,* No. 3:18-CV-03279-MDH, 2018 WL 11507771, at *1 (W.D. Mo. Dec. 17, 2018) (citing *Coleman v. Turner*, 838 F.2d 1004, 1005 (8th Cir. 1988)). As discussed by the Sixth Circuit, courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument." *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). Even considering Plaintiff's supplemental filings, Plaintiff's Complaint is deficient as this Court can only guess as to the facts which might support the claims and parties or how Plaintiff is connected to this case.

As such, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against each defendant. *Plaintiff should be mindful to clearly explain what each Defendant did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal*

*rights Plaintiff believes Defendants violated.*  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.  Accordingly,

IT IS ORDERED:

1.    Plaintiff's Motion for Mediation, Filing No. 8, and her two motions for hearing, Filing No. 13, Filing No. 14, are dismissed without prejudice.

2.    Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order.  If Plaintiff fail to file an amended complaint, her claims against Defendants will be dismissed without further notice.

3.    The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.  Plaintiff is advised to attach additional pages if required to set forth her claims adequately.   Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4.    The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 5, 2023:** Check for amended complaint.

5.    Plaintiff shall keep the Court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 4th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge